Jessica R. K. Dorman, Esq. (SBN: 279919)
jessica@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Ste. 101
San Diego, CA 92108-3609
(619) 233-7770
(619) 297-1022

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Attorneys for Tania Pagan

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tania Pagan<br><br>               Plaintiff,<br>v.<br><br>Veros Credit, LLC<br><br>               Defendant. | Case No: '13CV1884 BEN JMA<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

///
///
///
///

## INTRODUCTION

1. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

2. Tania Pagan, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Veros Credit, LLC, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Tania Pagan, (Plaintiff), through Plaintiff's attorneys, bring this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Veros Credit, LLC and its related entities, subsidiaries and agents ("Defendant") in willfully employing and/or causing to be employed certain recording equipment in order to record to the telephone conversations of Plaintiff without the knowledge or consent of Plaintiffs, in violation of California Penal Code §§ 630 et seq., thereby invading Plaintiffs' privacy.

4. California Penal Code § 632 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other. Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requisite intent

on behalf of the party doing the surreptitious recording to break California or any other law, or to invade the privacy right of any other person. Plaintiffs allege that despite California's two-party consent rule, Defendant continues to violate Penal Code § 632 by impermissibly recording its telephone conversations with California residents.

5. Similarly, California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the same conversation without the knowledge or consent of the other while the person being recorded is on a cellular phone. There is no requirement under California Penal Code § 632.7 that the communication be confidential. Plaintiff alleges that Defendant continues to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.

6. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

7. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

8. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

9. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

### JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1332, and 28 U.S.C. § 1367 for supplemental state claims.

///

///

11. This action arises out of Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

12. Because Defendant does business within the State of California, personal jurisdiction is established.

13. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) because Defendant does business within the State of California and the County of San Diego.

14. At all times relevant, Defendant conducted business within the State of California.

## PARTIES

15. Plaintiff is a natural person who resides in the State of California.

16. Defendant is located in the City of Carson City, in the State of Nevada.

17. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

18. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

19. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

20. Plaintiffs are informed and believe, and thereon allege, that Defendant is, and at all times mentioned herein was, a limited liability company whose principal place of business and State of Incorporation is Nevada. Defendant has a

policy and practice of recording telephone conversations with the public, including California residents. Defendant's employees and agents are directed, trained and instructed to, and do, record, the telephone conversations with the public, including California residents.

**FACTUAL ALLEGATIONS**

21. In or about October 2011, Plaintiff is alleged to have incurred certain financial obligations to Defendant for auto financing on a 2006 Nissan Altima.

22. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

23. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

*Unauthorized Late Fees*

24. Subsequently, but within the last year of the filing of this complaint, Defendant has sent Plaintiff numerous "Past Due Notice"s. In all but one of the Notices, Defendant states that "A late charge of $0.00 has been assessed to your account."

25. Plaintiff believed that since she was not that late, Defendant had not charged a late fee.

26. However, each time Plaintiff would call Defendant to make a payment over the phone, Defendant would refuse to take the standard monthly payment unless an additional late fee was also paid. Each time this happened, Plaintiff explained that the letter she receive, specifically stated that $0.00 was charged as a late fee.

///

27. Despite Plaintiff's contentions, Defendant insisted that a late fee was required.
28. Through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law.  Consequently, Defendant violated 15 U.S.C. § 1692f(1).
29. Through this conduct, Defendant used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer.  Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).
30. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

### *Unauthorized Debit*

31. In or about November 2012, Plaintiff called Defendant to make a payment. Defendant's representative insisted that Defendant would not accept a payment unless it was a full payment which included a late fee. However, Plaintiff could not pay the late fee at that time. Eventually, Defendant's representative agreed to take a payment in the amount of $310.00 by electronic check.
32. Later that day, Plaintiff was alerted by text message from her bank that $360.00 had been debited from the account by Defendant.
33. Plaintiff called Defendant again that same day and spoke to a different representative. This second representative told Plaintiff that the first representative would never had agreed to such payment arrangement and that Plaintiff must have agreed for the $360.00 to be debited. Only after long, drawn out argument over the telephone did Defendant agree to return the $50.00 difference.

34. Through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1).

35. Through this conduct, Defendant used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

36. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

*Threats to Report on Credit and Repossess Vehicle*

37. Subsequently, but within the one year prior to the filing of this complaint, Defendant sent at least two letters dated January 29, 2013 and February 19, 2013 titled "Urgent Notice" wherein Defendant stated that they have "tried to make contact with [Plaintiff] on several occasions, but have not been able to reach [Plaintiff]."

38. The Urgent Notice continued to state that "[Plaintiff's] account is seriously past due and soon will be reported as a negative and delinquent account with a National Reporting Agency" and "It is important that we hear from you within the next 24 hours, otherwise we will have no other option but to take any action necessary to protect our interest."

39. Plaintiff eventually paid the monthly payment, but not within the 24 hours. Defendant never took any action or reported on Plaintiff's credit. This was a false threat to take action Defendant never intended to take.

40. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

41. Through this conduct, Defendant used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

42. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

43. Additionally, within the one year prior to the filing of this complaint, Defendant has communicated to Plaintiff over the phone that Defendant would report Plaintiff's late payment on her Credit Report, and/or send a repossession agent to collect the vehicle.

44. To this day, even though Plaintiff has been consistently late (but not more than 30 days late), Defendant has never reported negative information regarding Plaintiff's account, or sent a repossession agent to collect the vehicle.

45. Defendant purposefully made those statements in an effort to coerce Plaintiff to pay Defendant immediately.

46. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

47. Through this conduct, Defendant used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

48. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

*Continued Contact at Time Known to be Inconvenient*

49. Furthermore, within the one year prior to the filing of this complaint, Defendant made numerous calls to Plaintiff while she was at work. Each time, Plaintiff told Defendant that it was inconvenient to speak on the telephone during work hours, that such calls violated her employer's policies, and that she would return the call later. However, Defendant would continue to call Plaintiff during work hours, some times immediately after being told not to call.

50. Without the prior consent of the consumer given directly to the Defendant or the express permission of a court of competent jurisdiction, Defendant communicated with the consumer in connection with the collection of a debt at an unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.  Consequently, Defendant violated 15 U.S.C. § 1692c(a)(1).

51. Without the prior consent of the consumer given directly to the Defendant or the express permission of a court of competent jurisdiction, Defendant communicated with the consumer in connection with the collection of a debt at the consumer's place of employment when Defendant knew or had reason to know that the consumer's employer prohibited the consumer from receiving such communication.  Consequently, Defendant violated 15 U.S.C. § 1692c(a)(3).

52. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal

Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

53. Through this conduct, Defendant communicated, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances. Consequently, Defendant violated Cal. Civ. Code § 1788.11(e).

54. Through this conduct, Defendant communicated with the employer of Plaintiff regarding the alleged debt when such a communication was not necessary to the collection of the alleged debt, and when the attorney for Plaintiff had not consented in writing to such communication. Consequently, this conduct or omission violated Cal. Civ. Code § 1788.12(a).

*Third Party Disclosure*

55. In addition, Defendant has contacted at least two third parties, as that phrase is defines by the FDCPA and California Rosenthal Act, Michael Fitzsimmons and John Fonseca, by phone. Each time Defendant spoke with either of the third parties, Defendant would disclose to the third parties that Defendant was looking for Plaintiff because she was late on their payments.

56. Defendant has disclosed the debt to other third parties as well.

57. Through this conduct, Defendant communicated information regarding a consumer debt to a member of the family of Plaintiff, and the purpose of the communication was not to locate Plaintiff, and neither Plaintiff nor the attorney for Plaintiff had consented in writing to such communication. Consequently, this conduct or omission violated Cal. Civ. Code § 1788.12(b).

58. Except as provided in 15 U.S.C. § 1692b, and without the prior consent of the consumer given directly to the Defendant, and without the express permission of a court of competent jurisdiction, and for a purpose not reasonably necessary to effectuate a postjudgment judicial remedy, Defendant communicated, in connection with the collection of a debt, with a person

other than the consumer, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of Defendant. Consequently, Defendant violated 15 U.S.C. § 1692c(b).

59. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

60. The third parties would inform Defendant that they did not know of Plaintiff's location or how to contact her, and not to call again.

61. After Plaintiff heard of these efforts by Defendant to contact her friends, Plaintiff would contact Defendant and specifically instruct Defendant not to contact any third parties, specifically Fitzsimmons or Fonseca.

62. However, Defendant continued to contact Fitzsimmons and Fonseca

63. Through this conduct, Defendant communicated information regarding a consumer debt to a member of the family of Plaintiff, and the purpose of the communication was not to locate Plaintiff, and neither Plaintiff nor the attorney for Plaintiff had consented in writing to such communication. Consequently, this conduct or omission violated Cal. Civ. Code § 1788.12(b).

64. Except as provided in 15 U.S.C. § 1692b, and without the prior consent of the consumer given directly to the Defendant, and without the express permission of a court of competent jurisdiction, and for a purpose not reasonably necessary to effectuate a postjudgment judicial remedy, Defendant communicated, in connection with the collection of a debt, with a person other than the consumer, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of Defendant. Consequently, Defendant violated 15 U.S.C. § 1692c(b).

65. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal

Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

66. Similarly, within the one year prior to the filing of this complaint, Defendant has sent several "Field Agents" to her home. If Plaintiff's father answered the door, Defendant's Field Agent would discuss in detail the alleged debt with Plaintiff's Father. As a result, the relationship and trust between Plaintiff and her father is extremely strained.

67. Through this conduct, Defendant communicated information regarding a consumer debt to a member of the family of Plaintiff, and the purpose of the communication was not to locate Plaintiff, and neither Plaintiff nor the attorney for Plaintiff had consented in writing to such communication. Consequently, this conduct or omission violated Cal. Civ. Code § 1788.12(b).

68. Except as provided in 15 U.S.C. § 1692b, and without the prior consent of the consumer given directly to the Defendant, and without the express permission of a court of competent jurisdiction, and for a purpose not reasonably necessary to effectuate a postjudgment judicial remedy, Defendant communicated, in connection with the collection of a debt, with a person other than the consumer, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of Defendant. Consequently, Defendant violated 15 U.S.C. § 1692c(b).

69. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

*Public Posting*

70. On the occasions where one of Defendant's Field Agent's would go to Plaintiff's home and no-one answered, Defendant would leave confidential information posted on the door. Plaintiff's door faces a main street where

people walk by continuously throughout the day. On several occasions Plaintiff has known people to take things from her door and the area around the front door. Since Defendant was the party who posted the information on the door, they would know that the door was very public and likely to be visible to third parties.

71. Defendant knew that the private information would likely become public if left posted on the door, and continued this practice anyway.

72. Through this conduct, Defendant communicated information regarding a consumer debt to a member of the family of Plaintiff, and the purpose of the communication was not to locate Plaintiff, and neither Plaintiff nor the attorney for Plaintiff had consented in writing to such communication. Consequently, this conduct or omission violated Cal. Civ. Code § 1788.12(b).

73. Except as provided in 15 U.S.C. § 1692b, and without the prior consent of the consumer given directly to the Defendant, and without the express permission of a court of competent jurisdiction, and for a purpose not reasonably necessary to effectuate a postjudgment judicial remedy, Defendant communicated, in connection with the collection of a debt, with a person other than the consumer, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of Defendant. Consequently, Defendant violated 15 U.S.C. § 1692c(b).

74. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

75. As a result of Defendant's continuous behavior Plaintiff has been put in a state of constant worry and fear that Defendant will disclose her personal financial information to other third parties and continue to harass her at work.

76. Plaintiff was previously employed by the City of Corona, but lost her job after 30 days because of Defendant's continuous harassment.
77. Because of Defendant's outrageous conduct, Plaintiff has been forced to take medication.
78. Co-workers and friends have seen how she is mentally and physically affected after Defendant's abusive actions.

*Illegally recording Calls*

79. Over the length of the loan, including the last year, Plaintiff had numerous telephone communications with certain employees, officers and/or agents of Defendant on her home and cellular phone.
80. Plaintiff subsequently had numerous conversations with Defendant regarding Plaintiff's personal financial information and at no time did Defendant disclose the calls were being recorded.
81. During each of these conversations with Defendant, Plaintiff discussed highly confidential and private financial information regarding Plaintiff's personal financial information that Plaintiff had not openly discussed with others.
82. Plaintiff had no reasonable expectation that any of Plaintiff's telephone conversations with Defendant would be recorded due to the private subject matter being discussed.
83. However, during one particularly heated call, Defendant told Plaintiff that the call was recorded.
84. Plaintiff was shocked to discover that such a confidential communication was being recorded by Defendant without Plaintiff's knowledge or consent.
85. Plaintiff found Defendant's clandestine recording to be highly offensive due to the delicacy of the topics discussed during said conversations.
86. Each of these conversations with Plaintiff, were without Plaintiff's knowledge or consent, recorded by Defendant, causing harm and damage to Plaintiff. Plaintiff was never informed that Plaintiff's telephone calls were being

recorded. At no time during these calls did Plaintiff give consent for the telephone calls to be recorded.

87. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has had a policy and a practice of secretly recording telephone conversations with consumers. Defendant's employees and agents are directed, trained and instructed to, and do, record, monitor, and/or eavesdrop upon telephone conversations with the public, including Plaintiff and other California residents.

88. Plaintiff is informed and believes, and thereon alleges that from the beginning of 2012 to the present, Defendant has installed and/or caused to be installed certain wire-tapping, eavesdropping, and listening equipment in its employees' or agents' telephone lines. Defendant uses these devices to record each and every telephone conversation on said telephone lines.

89. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has had all of its calls to the public, including those made to California residents, recorded without the knowledge or consent of the public, including Plaintiff and other California residents.

90. Defendant's conduct alleged herein constitutes violations of the right to privacy to the public, including Plaintiff and other California residents, and California Penal Code § 630 et seq.

**CAUSES OF ACTION**

**COUNT I**

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)**

**CAL. CIV. CODE §§ 1788-1788.32**

91. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

92. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

93. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## COUNT II

## ILLEGAL TELEPHONE RECORDING

## CALIFORNIA PENAL CODE SECTION 632

94. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

95. Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632. "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. (Citations omitted). Thus, Plaintiffs believe that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation.

96. California Penal Code § 632 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other party. Penal Code § 632 is violated the moment the recording is

made without the consent of all parties thereto, regardless of whether it is subsequently disclosed that the telephone call was recorded. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to break California law or any other law, or to invade the privacy right of any other person.

97. Plaintiffs are informed and believe, and thereupon allege, that Defendant employed and/or caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

98. Plaintiffs are informed and believe, and thereupon allege, that all these devises were maintained and utilized to record each and every incoming and outgoing telephone conversation over said telephone lines.

99. Said recording equipment was used to record the telephone conversations of Plaintiff, all in violation of California Penal Code § 632.6(a).

100. At no time during which these telephone conversations were taking place between Defendant or any employee, agent, manager, officer, or director of Defendant, and any other person, did Defendant inform Plaintiff that the recording of their telephone conversations were taking place and at no time did Plaintiff consent to this activity.

101. Defendant, knowing that this conduct was unlawful and a violation of Plaintiff's right to privacy and a violation of California Penal Code § 630, et seq., did intrude on Plaintiff's privacy by knowingly and/or negligently and/or intentionally engaging in the aforementioned recording activities relative to the telephone conversations between Plaintiff, on the one hand, and Defendant on the other hand, as alleged herein above.

102. Based on the foregoing, Plaintiff is entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 637.2.

103. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff seeks recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

## COUNT III

## ILLEGAL TELEPHONE RECORDING

## CALIFORNIA PENAL CODE SECTION 632.7

104. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

105. California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication…intentionally records, or assists in the…intentional recordation of, a communication transmitted between…a cellular radio telephone and a landline telephone." Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone.

106. Though similar, California Penal Code § 632 and 632.7 are not duplicative and protect separate rights.  California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone.  For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7

107. As before, Defendant caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

///

108. Plaintiff is informed and believe, and thereupon allege, that all these devises were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

109. Said recording equipment was used to record the telephone conversations of Plaintiff utilizing a cellular telephone, all in violation of California Penal Code § 632.7.

110. Based on the foregoing, Plaintiff is entitled to, and below herein does pray for, her statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 632.7; and California Penal Code § 637.2

111. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff seeks recovery of her attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- For the greater of statutory damages of $5,000 per violation or three times actual damage per violation pursuant to Penal Code § 637.2(a) for Plaintiff;
- For $5,000 per violation of California Penal Code § 632.7 for Plaintiff;
- That the Court preliminarily and permanently enjoin Defendant from overhearing, recording, and listening to each and every oncoming and

outgoing telephone conversation with Plaintiff, without her prior consent, as required by California Penal Code § 630, et seq., and to maintain the confidentiality of the information of Plaintiff;

- For general damages according to proof;
- For special damages according to proof;
- For exemplary or punitive damages;
- For costs of suit;
- For prejudgment interest at the legal rate; and
- For such further relief as this Court deems necessary, just, and proper.

112. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: August 8, 2013        By: /s/Jessica R. K. Dorman
                                Jessica R. K. Dorman
                                Attorneys for Plaintiff